## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between **Burton Christian**, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Christian") and **Kleen Sweep, Inc.**, and its respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of its respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Christian and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Christian.

WHEREAS, Christian was employed by Kleen Sweep, Inc., and·

WHEREAS, Christian has alleged unlawful employment practices in violation of Federal law against The Released Parties by filing a lawsuit titled, *Christian, Burton v. Kleen Sweep, Inc.*, Case No.: 6:15-CV-01580-CEM-GJK, allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. **Released Parties' Obligations to Christian.** The Released Parties agree to pay to Christian the total amount of Six Thousand Five Hundred Dollars ($6,500.00), allocated as follows:

A. A payroll check in the amount of $3,250.00 made payable to Burton Christian representing alleged unpaid minimum wages and overtime. This amount shall be treated as wages with the applicable taxes and legal deductions made; and

B. A check in the amount of $3,250.00 made payable to Burton Christian representing alleged liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued.

The settlement payments described above will be due in Christian's counsel's office (c/o Kim De Arcangelis, Esq., 20 N. Orange Avenue, Suite 1400, Orlando, FL 32801) on or before December 16, 2015. Ms. De Arcangelis and the law firm of Morgan and Morgan, P.A. will not release the settlement payments described above until Court's entry of an Order approving the Settlement and dismissing the lawsuit with prejudice.

Christian shall be solely responsible for paying all taxes and penalties owed by him and Kleen Sweep shall be solely responsible for payment of all taxes and penalties owed by it. Christian agrees to indemnify and hold Kleen Sweep harmless from any liability, claims, suits, judgments, and damages that arise as a result of any failure by Christian to pay all taxes for which he is responsible.

2. **Court Approval of the Settlement and Dismissal of Lawsuit.** Upon receipt of the fully executed Agreement, the Parties shall file a Joint Motion for Approval of the Settlement Agreement and for Dismissal of the Lawsuit with Prejudice.

3. **Christian's Obligations to the Released Parties**. Except as outlined in Paragraph 1 of this Agreement, Christian acknowledges that no other payments are due and owing to him as a result of the hours worked during his employment with the Released Parties or otherwise. Christian shall not initiate or instigate any future judicial or administrative proceedings against the Released

Parties that in any way involve allegations or facts arising from the hours worked during his employment with the Released Parties or otherwise in any forum as of the date of execution of this Agreement.

4. **No Admissions.** By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

5. **Waiver of Reinstatement and Neutral Reference.** Christian agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, the Released Parties. Christian further agrees that the Released Parties shall not be under any obligation to employ or contract with him and that, should any application be made by him, the Released Parties shall not have any obligation to process that application or to hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law. If any prospective employer contacts The Released Parties regarding Christian, The Released Parties will give a neutral reference indicating only Christian's dates of employment, pay rate and position.

6. **Non-Disparagement.** No Party shall make or publish or instigate the making or publication of any statement (in verbal, written or electronic or other form) disparaging of the other Parties, their products, services, affairs or operations or their past or present directors, officers, employees, shareholders, owners or agents whether or not such disparagement constitutes libel or slander.

7. **Payment of Attorney's Fees.** Each Party shall be responsible for payment of their own attorneys' fees and costs.

8. **Authority to Enter Into Agreement.** The Parties represent and warrant that they are authorized to enter into and that they have the authority to perform the terms of this

Agreement. The Parties represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

9. **Severability.** If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

10. **Execution of Agreement in Subparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

11. **Right to Attorneys' Fees for Enforcement.** In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

12. **Choice of Law and Venue.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its choice of laws or conflict of laws principles. The courts of Orange County, Florida, shall have exclusive jurisdiction over the Parties with respect to any dispute or controversy between them arising under, relating to, or in connection with this Agreement, and the Parties consent to such jurisdiction in such courts and waive any objections to jurisdiction.

13. **No Reliance on Other Statements.** Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

14. **Full Participation.** The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

15. **Additional Facts.** The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

16. **Consultation.** The Parties acknowledge that they have been advised to consult an attorney prior to signing this agreement. The Parties understand that whether or not they consult with an attorney is their decision. In this respect, Christian has consulted with and been advised by Kim De Arcangelis, Esquire in this matter and is satisfied that Ms. De Arcangelis has provided him with excellent legal advice and has explained to him all of his options in connection with this Agreement. In addition, Kleen Sweep, Inc. has consulted with and been advised by Charles R. Fawsett, Esquire in this matter and is satisfied that Mr. Fawsett has provided excellent legal advice and has explained to the Company all of its options in connection with this Agreement.

17. **Full and Knowing Acceptance.** This Agreement, consisting of six (6) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

Date: 12-02-15

_____
BURTON CHRISTIAN

Date: 12/2/15

KLEEN SWEEP, INC.

_____
Sign
Print Name: STEVEN MICHALEWSKI
Representative of Kleen Sweep, Inc.