**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BURTON CHRISTIAN,**

> **Plaintiff,**

**v.**                                                    **Case No:  6:15-cv-1580-Orl-41GJK**

**KLEEN SWEEP, INC.,**

> **Defendant.**

---

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT (Doc. No. 14)** |
| **FILED:** | **December 3, 2015** |

---

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The Plaintiff and Defendant jointly move (hereafter "Motion") the Court to approve their settlement agreement (hereafter "Agreement"), pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq*. (hereafter "FLSA") and to dismiss the case with prejudice.  Doc. Nos. 14; 14-1.

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), the Eleventh Circuit addressed the means by which a settlement of compromised FLSA claims may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to

> supervise payment to employees of unpaid wages owed to them. . .
> . The only other route for compromise of FLSA claims is provided
> in the context of suits brought directly by employees against their
> employer under section 216(b) to recover back wages for FLSA
> violations.  When employees bring a private action for back wages
> under the FLSA, and present to the district court a proposed
> settlement, the district court may enter a stipulated judgment after
> scrutinizing the settlement for fairness.

*Id*. at 1352-53.  Thus, unless the parties have the Secretary of Labor supervise the payment of

unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties'

agreement is unenforceable.  *Id*.  *See also Sammons v. Sonic-North Cadillac, Inc.*, No. 6:07-cv-

277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of

FLSA claim in arbitration proceeding is not enforceable under *Lynn's Foods* because it lacked

Court approval or supervision by Secretary of Labor).  Before approving an FLSA settlement,

the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide

dispute."  *Id*. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are

actually in dispute, the Court may approve the settlement. *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider

the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery
> completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994);

*Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-

3, (M.D. Fla. Jan. 8, 2007).  The Court should be mindful of the strong presumption in favor of

finding a settlement fair.  *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

This case involved disputed issues of FLSA liability and damages, which constitute a bona fide dispute.  *See* Doc. Nos. 1, 9, 12-13.  The parties were represented by independent counsel who are obligated to vigorously represent their clients. *Id*.  The parties agreed to settle the Plaintiff's claims in exchange for a release of all of Plaintiffs' FLSA claims (*see* Doc. No. 14-1 at 2-3) for a total amount of $6,500.00, representing $3,250.00 in unpaid overtime wages and $3,250.00 in liquidated damages.  Doc. No. 14-1 at 2.[2]  Plaintiff states that he estimated he was entitled to approximately $8,000.00 in unpaid overtime compensation.  Doc. No. 14 at 3.  After exchanging documentation with the Defendant and engaging in settlement negotiations, Plaintiff agreed to settle and compromise his claim, in part, due to the costs and risk associated with continued litigation.  Doc. No. 14 at 3-4.

The Agreement provides that each party "will be responsible for payment of their own attorneys' fees and costs."  Doc. No. 14- at 3 ¶ 7.   In the Motion, Plaintiff's counsel stipulates that counsel "has agreed to waive their attorneys' fees and costs incurred in connection with [this case]."  Doc. No. 14 at 4.   The undersigned interprets counsel's representation to mean that counsel will not seek to recover any attorneys' fees or costs from Plaintiff, and Plaintiff will receive the entire $6,500.00 under the Agreement.

Based on the parties' representations, including Plaintiff's counsel's representation that counsel will not seek to recover any attorneys' fees or costs from Plaintiff, it is **RECOMMENDED** that the Court find Plaintiffs' compromise the total settlement amount is a

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

[2] The Agreement does not contain a general release, but states that Plaintiff "shall not initiate or instigate any future judicial or administrative proceedings against [the Defendant] that in any way involve allegations or facts arising from the hours worked during his employment. . . ."  Doc. No. 14-1 at 2-3.

fair and reasonable resolution of Plaintiff's FLSA claims.

THEREON, it is **RECOMMENDED** that:

1.  The Motion (Doc. No. 14) be **GRANTED** only to the extent that the Court finds the parties' settlement is fair and reasonable, when it is deemed to include Plaintiff's counsel's representation that they will not recover any attorneys' fees or costs whatsoever; and

2.  The Court enter an order dismissing the case with prejudice and direct the Clerk to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation they may promptly file a joint notice of no objection**.

RECOMMENDED in Orlando, Florida on December 18, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy